**Salvador ROMAN–NUNEZ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 08–70345.**

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 16, 2008.*

Filed July 2, 2009.

Salvador Roman–Nunez, Garden Grove, CA, pro se.

Oil, Stacy Stiffel Paddack, Karen Y. Stewart, Esquire, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PAEZ, TALLMAN and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Petitioner Salvador Roman–Nunez, a native and citizen of Mexico, petitions pro se for review of a Board of Immigration Appeals order dismissing his appeal from an immigration judge's (IJ) decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the IJ's determination that Roman–Nunez did not meet the continuous physical presence requirement, because the record shows he was ordered removed in 1996, thereby interrupting his accrual of continuous physical presence in the United States. *See Gutierrez v. Mukasey,* 521 F.3d 1114, 1117–18 (9th Cir.2008).

Roman–Nunez challenges the constitutionality of the Nicaraguan Adjustment and Central American Relief Act of 1997 (NACARA) and contends it violates the Equal Protection Clause by treating individuals differently based on nationality. This contention is foreclosed by *Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 602–03 (9th Cir.2002), which rejected a similar claim because NACARA's intent, to favor aliens who had either "taken unusual risks in escaping from oppressive governments" or "whose countries had been profoundly ravaged by war," satisfies the rational basis test.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

