**Saul COVARRUBIAS–RAMOS, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 08–71067.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.[*]

Filed Oct. 13, 2009.

Gary Finn, Law Offices of Gary Finn, Indio, CA, for Petitioner.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Stacy Stiffel Paddack, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAS–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, RAWLINSON and CLIFTON, Circuit Judges.

MEMORANDUM **

Saul Covarrubias–Ramos, a native and citizen of Mexico, petitions for review of a Board of Immigration Appeals order dismissing his appeal from an immigration judge's (IJ) decision denying his application for cancellation of removal. We dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the agency's discretionary determination that petitioner failed to show exceptional and extremely unusual hardship to a qualifying relative. 8 U.S.C. § 1252(a)(2)(B); *Mendez–Castro v. Mukasey*, 552 F.3d 975, 979 (9th Cir.2009). We also lack jurisdiction to review the agency's discretionary denial of voluntary departure. *See* 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i). Petitioner's contentions that the IJ failed to properly consider the law and weigh all evidence of hardship do not raise a colorable due process claim. *Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Substantial evidence supports the IJ's determination that petitioner did not meet the continuous physical presence requirement, because the record shows he was ordered removed in 2001, thereby interrupting his accrual of continuous physical presence in the United States. *See Gutierrez v. Mukasey*, 521 F.3d 1114, 1117–18 (9th Cir.2008); *Juarez–Ramos v. Gonzales*, 485 F.3d 509, 511 (9th Cir.2007). We lack jurisdiction to review petitioner's collateral attack on his expedited removal order. *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1139–40 (9th Cir.2008).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**