BRISCOE, Chief Judge,
concurring and dissenting.
I concur with the majority decision as it relates to Salas-Acuna’s first and third claims. However, because it is clear that we retain jurisdiction to entertain Salas-Acuna’s claim that the Board of Immigration Appeals (“BIA”) incorrectly determined that his previous voluntary departures from the United States were under the threat of deportation, I respectfully dissent from the majority’s dismissal of this claim. Rather, I would reach the merits of this claim and affirm the ruling of BIA.
The majority correctly notes that we “retain jurisdiction to review non-discretionary decisions reached under [8 U.S.C.] *789 § 1229b.” Sabido Valdivia v. Gonzales, 423 F.3d 1144, 1148 (10th Cir.2005). The majority is, however, incorrect in its assertion that “the question of whether an alien departed under threat of deportation does not implicate a non-discretionary aspect of the BIA’s decision.” Maj. O & J at 788.
The BIA has determined that an alien who voluntarily departs the United States under threat of deportation breaks his or her period of continuous physical presence for the purposes of § 1229b(l)(A). In re Romalez-Alcaide, 23 I. & N. Dec. 423, 429 (2002) (en banc). And as our sister circuits have previously noted, the BIA’s interpretation of § 1229b(l)(A) is entitled to Chevron deference.[1] See Ascencio-Rodriguez v. Holder, 595 F.3d 105, 112 (2d Cir.2010) (“We hold today that the BIA’s interpretation of the cancellation of removal statute expressed in [In re Romalez-Alcaide] is reasonable and is entitled to Cheurón deference.”); accord Gutierrez v. Mukasey, 521 F.3d 1114, 1116 (9th Cir.2008); Reyes-Vasquez v. Ashcroft, 395 F.3d 903, 906-08 (8th Cir.2005); Mireles-Valdez v. Ashcroft, 349 F.3d 213, 217-18 (5th Cir.2003). Thus, when the BIA determines whether an alien has previously voluntarily left the United States under threat of deportation, it is not exercising discretion. Rather, such a determination simply “involves straightforward statutory interpretation and application of law to fact.” Mireles-Valdez, 349 F.3d at 217 (5th Cir.2003); accord Reyes-Vasquez, 395 F.3d at 906 (8th Cir.2005) (noting that “the IJ did not exercise discretionary authority because he determined that [the petitioner] was ineligible for relief’ due to the fact that he had voluntarily departed the United States under threat of deportation).
Accordingly, we retain jurisdiction to review the BIA’s determination that Salas-Acuna voluntarily left the United States under threat of deportation and thus, I would reach the merits of Salas-Acuna’s second claim. Because, however, Salas-Acuna has failed to demonstrate that any reasonable adjudicator would be compelled to conclude that the BIA’s factual determinations were erroneous, see Sarr v. Gonzales, 474 F.3d 783, 788-89 (10th Cir.2007) (noting that BIA decisions are reviewed for “substantial evidence” and thus, that the BIA’s “findings of fact are conclusive unless the record demonstrates that any reasonable adjudicator would be compelled to conclude to the contrary” (quotation and citation omitted)); accord Gutierrez, 521 F.3d at 1116-18 (reviewing an IJ’s determination that the petitioner voluntarily left under threat of deportation under a substantial evidence standard), I would nonetheless affirm the decision of the BIA.

. Notably, Salas-Acuna does not challenge the BIA's interpretation of § 1229b(l)(A). Rather, he merely challenges the efficacy of the BIA's adjudication of his case, which was undertaken pursuant to this interpretation.