**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 19 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA D. BUCIO ESCOBEDO, | No. 08-73582 |
| Petitioner, | |
| | Agency No. A095-175-863 |
| v. | |
| | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:     SCHROEDER, THOMAS and SILVERMAN, Circuit Judges.

Maria D. Bucio Escobedo, a native and citizen of Mexico, petitions pro se

for review of a Board of Immigration Appeals order dismissing her appeal from an

immigration judge's denial of her application for cancellation of removal.  We

have jurisdiction under 8 U.S.C. § 1252.  We deny the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Escobedo's contention that the Board's summary affirmance of the immigration judge's decision violated her due process rights is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849-52 (9th Cir. 2003).

Substantial evidence supports the immigration judge's determination that Escobedo did not meet the continuous physical presence requirement, because her testimony established that she left the United States for more than 90 days from 1998 to 1999, thereby interrupting the accrual of continuous physical presence in the United States. *See Gutierrez v. Mukasey*, 521 F.3d 1114, 1117 (9th Cir. 2008) (acknowledging that service of the notice to appear halts the accrual of continuous physical presence). Because Escobedo's inability to establish physical presence was dispositive, any evidence supporting the other elements of cancellation would not have changed the outcome of the proceedings.

We deny Escobedo's request for remand to the Board for the Office of the Chief Counsel to consider prosecutorial discretion and administrative closure. We express no opinion as to Escobedo's entitlement to either form of relief.

**PETITION FOR REVIEW DENIED.**