**Francisco Javier Rodriguez GODINES, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–71874.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008 *.

Filed May 2, 2008.

Francisco Javier Rodriguez Godines, Palm Springs, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Francisco Javier Rodriguez Godines, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination, *Ibarra–Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir.2006), and we grant in part and deny in part the petition for review, and remand.

An intervening change in the law requires us to remand this case. It is not possible to determine from the record whether petitioner's departure in April 1998 was knowing and voluntary and under threat of deportation. *See id.* at 619 (voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the alien is informed of and accepts the terms of the voluntary departure); *see also Tapia v. Gonzales*, 430 F.3d 997, 998, 1004 (9th

Cir.2005). It is also not possible to determine whether he had an opportunity to appear before an IJ. *See Gutierrez v. Mukasey*, 521 F.3d 1114, 1117–18 (9th Cir. 2008). We therefore grant the petition for review and remand for further factfinding consistent with *Ibarra–Flores*, *Tapia* and *Gutierrez*.

Petitioner's challenge to streamlining is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852 (9th Cir.2003).

In light of this disposition, we need not reach petitioner's other contentions.

**PETITION FOR REVIEW GRANTED in part; DENIED in part; REMANDED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.