**Eduardo LOPEZ–RAMIREZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–71668.

United States Court of Appeals, Ninth Circuit.

Submitted June 4, 2008.*

Filed June 6, 2008.

Nora E. Milner, Esq., Milner & Markee, LLP, San Diego, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Oil, Edward C. Durant, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before: THOMPSON, O'SCANNLAIN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Eduardo Lopez–Ramirez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order upholding an Immigration Judge's ("IJ") decision pretermitting his application for cancellation of removal.

An intervening change in the law requires us to remand on the question of whether Lopez–Ramirez established 10 years of continuous physical presence in the United States as he must in order to be eligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A). In *Ibarra–Flores v. Gonzales*, 439 F.3d 614 (9th Cir. 2006), we held that an administrative voluntary departure under threat of deportation breaks the accrual of continuous physical presence only where the alien is informed of the terms of the departure and "knowingly and voluntarily" accepts them. *Id.* at 619; *see also Tapia v. Gonzales*, 430 F.3d 997, 1004 (9th Cir.2005). Although the record contains a form indicating that Lopez–Ramirez accepted voluntary departure less than 10 years before his application for cancellation of removal, the IJ pretermitted proceedings before

taking any evidence relating to the question of whether such acceptance was knowing and voluntary. *See Ibarra–Flores*, 439 F.3d at 619; *see also Gutierrez v. Mukasey*, 521 F.3d 1114, 1117 (9th Cir. 2008) (stating that the petitioner's "own testimony establishe[d] that he was given a choice between deportation proceedings and leaving voluntarily, and that he chose the latter").

Accordingly, we **GRANT** the petition for review and **REMAND** for further proceedings consistent with *Ibarra–Flores* and *Tapia.*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.