**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTURO GONZALEZ CURIEL; et al., | No. 08-72105 |
| Petitioners, | Agency Nos. A073-833-370 |
| v. | A075-308-803 |
| | A075-308-808 |
| | A075-308-809 |
| ERIC H. HOLDER, Jr., Attorney General, | A075-308-919 |
| Respondent. | |
| | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Arturo Gonzalez Curiel, his wife, and three of their children, natives and

citizens of Mexico, petition pro se for review of the Board of Immigration

Appeals' order dismissing their appeal from an immigration judge's ("IJ") decision

denying Gonzalez Curiel's application for cancellation of removal.  We have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination, *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008), and review de novo questions of law, including due process challenges, *Vasquez-Zavala v. Ashcroft*, 324 F.3d 1105, 1107 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the agency's determination that Gonzalez Curiel knowingly and voluntarily accepted administrative voluntary departure in lieu of deportation proceedings where the Spanish-language administrative voluntary departure agreement reflected that Gonzalez Curiel had time to review the agreement before signing it. *See Gutierrez*, 521 F.3d at 1117-18 (requiring some evidence that the alien was informed of and accepted the terms of the voluntary departure agreement). The agency therefore properly concluded that Gonzalez Curiel did not meet the continuous physical presence requirement for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1); *Vasquez-Lopez v. Ashcroft*, 343 F.3d 961, 974 (9th Cir. 2003) (per curiam).

We reject petitioners' due process contention because the record reflects that the IJ provided them a "full and fair hearing" and a "reasonable opportunity to

present evidence on [their] behalf." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

Petitioners' remaining contentions are not persuasive.

**PETITION FOR REVIEW DENIED.**