**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ALBERTO SALGADO-ORTEGA, a.k.a.
Jaime Pardo,

    Petitioner,

 v.

ERIC H. HOLDER, Jr., Attorney General,

    Respondent.

No. 08-73608

Agency No. A098-805-251

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Alberto Salgado-Ortega, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

the BIA's findings of fact regarding continuous physical presence and counsel's

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

performance. *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008); *Lin v. Ashcroft*, 377 F.3d 1014, 1024 (9th Cir. 2004). We review for abuse of discretion the denial of a motion to reopen, and review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and grant in part the petition for review, and remand.

We agree with the BIA that petitioner failed to show his former counsel's representation prejudiced his application for cancellation of removal because petitioner testified that he knowingly and voluntarily accepted administrative voluntary departure in lieu of appearing before an immigration judge ("IJ"). *See* 8 U.S.C. § 1229b(b)(1)(A); *Gutierrez*, 521 F.3d at 1117-18 (acceptance of voluntary departure terminates continuous physical presence if petitioner understood he had the right to go before an IJ and chose to depart instead); *Ortiz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999) (to demonstrate prejudice, petitioner must show counsel's actions may have affected the outcome of the proceedings). Petitioner's contention that the BIA failed to address his challenges to the IJ's continuous physical presence determination is not supported by the record.

Substantial evidence does not support the BIA's determination that petitioner's former counsel performed with sufficient competence where petitioner's affidavit established that counsel gave erroneous advice that caused

him to forego applying for voluntary departure. *See Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005) ("[F]acts presented in affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable."); *Lin*, 377 F.3d at 1027. The BIA abused its discretion in denying petitioner's motion to reopen on this basis. We remand to the BIA to consider in the first instance whether counsel's error prejudiced petitioner's case. *See Alcala v. Holder*, 563 F.3d 1009, 1019-20 (9th Cir. 2009) (claim of ineffective assistance in removal proceedings requires a showing of prejudice from counsel's deficient performance).

In light of our disposition, we do not address petitioner's remaining contentions. Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**