FILED

APR 26 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR JULIO MEDINA CORADO and ANA LUISA MEDINA, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-73751 <br><br> Agency Nos. A072-400-003 <br> A075-306-757 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011**

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Cesar Julio Medina Corado, a native and citizen of Guatemala, and Ana

Luisa Medina, a native and citizen of Mexico, petition for review of the Board of

Immigration Appeals' order dismissing their appeal from an immigration judge's

("IJ") decision denying their applications for cancellation of removal. We have

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review the agency's continuous physical presence determination for substantial evidence. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006). We grant the petition for review and remand.

An intervening change in the law requires us to remand on the issue of Ana Luisa Medina's continuous physical presence. In *Tapia v. Gonzales*, 430 F.3d 997, 998 (9th Cir. 2005), we concluded "that being turned away at the border by immigration officials does not have the same effect as an administrative voluntary departure and does not itself interrupt the accrual of continuous physical presence." It appears from the record that Medina's departure in 1996 was a border turnaround or an uninformed voluntary departure, as opposed to a knowing acceptance of administrative voluntary departure. *See id*. at 1004; *Cf. Gutierrez v. Mukasey*, 521 F.3d 1114, 1117-8 (9th Cir. 2008) (petitioner's testimony that he had the opportunity to go before an IJ and chose to depart instead is sufficient to establish presence-breaking voluntary departure). We therefore grant the petition for review and remand for further proceedings.

In light of this disposition, we need not reach petitioners' remaining contentions.

**PETITION FOR REVIEW GRANTED; REMANDED.**