**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROGELIO OROS-LUCAS, a.k.a. Rogelio Oros,<br><br>          Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>          Respondent. | No. 12-71860<br><br>Agency No. A095-761-633<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 16, 2014[**]

Before:     GOULD, BERZON, and BEA, Circuit Judges.

Rogelio Oros-Lucas, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order that dismissed his appeal from an

immigration judge's ("IJ") decision denying his application for cancellation of

removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's continuous physical presence determination, *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008), and we deny the petition for review.

Substantial evidence supports the agency's determination that Oros-Lucas did not meet the continuous physical presence requirement. Oros-Lucas testified that he accepted voluntary departure instead of appearing before an IJ during the relevant statutory time period. *See id.* at 1117–18 (petitioner's testimony that he had the opportunity to appear before an IJ but chose to depart instead is sufficient to establish presence-breaking voluntary departure).

The BIA did not address whether Oros-Lucas accepted voluntary departure on the basis of misrepresentations made to him concerning the effect on him of such departure. *See Ibarra-Flores v. Gonzales,* 439 F.3d 614,619–20 (9th Cir. 2006). The misrepresentation issue was not, however, exhausted before the agency, so we may not address it.

In light of this disposition, we need not reach Oros-Lucas' remaining contentions.

**PETITION FOR REVIEW DENIED.**