**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA LUZ ACIBO SANTOS, | No. 10-72840 |
| Petitioner, | Agency No. A096-402-179 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2014[**]
San Francisco, California

Before: GRABER, W. FLETCHER, and PAEZ, Circuit Judges.

Maria Luz Acibo Santos ("Santos"), a native and citizen of the Philippines,

petitions for review of a decision of the Board of Immigration Appeals ("BIA")

affirming the denial of her application for special rule cancellation of removal

under 8 U.S.C. § 1229b(b)(2). Santos asserts that she qualifies for special rule

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

cancellation of removal because she was subjected to extreme cruelty when her husband abandoned her in the United States.

We have jurisdiction to review the nondiscretionary determination of whether an applicant has shown extreme cruelty under § 1229b(b)(2). *Hernandez v. Ashcroft*, 345 F.3d 824, 833-35 (9th Cir. 2003). Accordingly, we review the BIA's factual determination regarding Santos's eligibility for removal for substantial evidence. *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008).

In order to qualify for special rule cancellation of removal under § 1229b(b)(2), an applicant must meet five enumerated requirements, including that "she had been 'battered or subjected to extreme cruelty' by a spouse who is or was a United States citizen or lawful permanent resident." *Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1053 (9th Cir. 2005) (some internal quotation marks omitted). The concept of extreme cruelty is reserved "for something other than physical assault, presumably actions in some way involving mental or psychological cruelty." *Hernandez,* 345 F.3d at 838. To show extreme cruelty, however, an applicant must establish that she has experienced more than mere unkindness or insults. Rather, non-physical actions will result in extreme cruelty when "tactics of control are intertwined with the threat of harm in order to maintain

2

the perpetrator's dominance through fear." *Id.* at 840 (internal quotation marks omitted).

Here, Santos alleges only that her husband abandoned her in the United States when he returned to the Phillippines to care for his ill father and did not return for Santos's I-130 interview. Without more, Santos has not established that such actions rise to the level of extreme cruelty. We therefore deny the petition for review.

**PETITION DENIED.**