**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GABINO AGUSTIN OSNAYA-ALVAREZ,<br><br>           Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>           Respondent. | No. 13-71668<br><br>Agency No. A095-757-869<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 6, 2014[*]
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and McKEOWN, Circuit Judges.

Gabino Agustin Osnaya-Alvarez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals's ("BIA") decision dismissing his

appeal of an immigration judge's order of removal. We have jurisdiction pursuant

to 8 U.S.C. § 1252, and we deny the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

## I

Osnaya-Alvarez did not raise any of the procedural due process claims he argues here in his appeal to the BIA. Because these claims were correctable by the agency, they are not exempted from the statutory exhaustion requirement that must necessarily be met for this Court to exercise jurisdiction over them. *See* 8 U.S.C. § 1252(d)(1); *Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002).

## II

The BIA's conclusion that Osnaya-Alvarez is not eligible for cancellation of removal is supported by substantial evidence. Osnaya-Alvarez admitted that he voluntarily departed the United States in 2008, and he did not allege or offer proof of coercion or misrepresentation. Thus, the BIA's conclusion that his voluntary departure constituted a break in physical presence is supported by substantial evidence. *See Gutierrez v. Mukasey*, 521 F.3d 1114, 1117 (9th Cir. 2008).

The BIA's conclusion that Osnaya-Alvarez had been convicted of possession of a controlled substance, and is therefore ineligible for cancellation of removal, is also supported by substantial evidence. Osnaya-Alvarez acknowledged the methamphetamine conviction and that the conviction had not been expunged. These statements, along with the FBI record of his conviction, constitute

substantial evidence supporting the BIA's determination that he was ineligible for cancellation of removal.

III

In sum, we lack jurisdiction over Osnaya-Alvarez's due process claims because he failed to exhaust them before the agency. The BIA's conclusion that he was ineligible for cancellation of removal for failure to meet the ten-year continuous physical presence requirement and because he had been convicted of a disqualifying criminal offense is supported by substantial evidence. We need not, and do not, reach any other issues urged by the parties.

**PETITION DENIED IN PART AND DISMISSED IN PART**.