**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOEL DIAZ-ARANGO, | No. 13-72544 |
| Petitioner, | Agency No. A079-149-303 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2015[**]

Before:     HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

Joel Diaz-Arango, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's order denying his application for cancellation of removal.  We have

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

agency's continuous physical presence determination. *Serrano Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's determination that Diaz-Arango's voluntary return to Mexico interrupted his period of continuous physical presence, where Diaz-Arango does not dispute that he signed a voluntary return form that stated that was giving up the right to a hearing before an immigration judge, the record shows that this form was read to him in Spanish, and Diaz-Arango testified that he relied on an attorney's advice in accepting voluntary return to Mexico. *See* 8 U.S.C. § 1229b(b)(1)(A); *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619-20 (9th Cir. 2006) (in order to interrupt the accumulation of continuous physical presence, the decision to accept voluntary return in lieu of a hearing before an immigration judge must be knowing and voluntary).

**PETITION FOR REVIEW DENIED.**