**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MIGUEL ANGEL MENDOZA LEON, | No. 13-74154 |
| Petitioner, | Agency No. A200-623-243 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2015[**]

Before:     TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

Miguel Angel Mendoza Leon, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

the agency's continuous physical presence determination. *Serrano Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's determination that Mendoza Leon's voluntary return to Mexico interrupted his period of continuous physical presence. *See* 8 U.S.C. § 1229b(b)(1)(A); *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619-20 (9th Cir. 2006) (in order to interrupt the accumulation of continuous physical presence, the decision to accept voluntary return in lieu of a hearing before an immigration judge must be knowing and voluntary). Mendoza Leon does not dispute that he signed a voluntary return form that stated he was giving up the right to a hearing before an immigration judge, the record indicates that he was informed of his rights pursuant to the voluntary return form, including his right to appear before an immigration judge, and he provided inconsistent testimony as to whether he had been informed of his right to appear before an immigration judge. Accordingly, the record does not compel the conclusion that Mendoza Leon's decision to accept voluntary return was not knowing and voluntary. *See Zarate v. Holder*, 671 F.3d 1132, 1134 (9th Cir. 2012) ("Under the substantial evidence standard, a petitioner can obtain reversal only if the evidence compels a contrary conclusion." (internal citation omitted)).

**PETITION FOR REVIEW DENIED.**

13-74154