**NOT FOR PUBLICATION**

AUG 05 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL DIMAS-PEREZ,<br><br>        Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>        Respondent. | No.    14-72357<br><br>Agency No. A088-710-882<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:      SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Miguel Dimas-Perez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision pretermitting his application for cancellation of

removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's continuous physical presence determination, *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008), and review de novo questions of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Dimas-Perez knowingly and voluntarily accepted administrative voluntary departure in 2010 in lieu of removal proceedings, where he does not dispute that he signed the administrative voluntary departure agreement, Form I-826, that stated he was giving up the right to a hearing before an immigration judge. *See Gutierrez*, 521 F.3d at 1117-18 (requiring some evidence that the alien was informed of and accepted the terms of the voluntary departure agreement); *cf. Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619-20 (9th Cir. 2006) (no substantial evidence that alien knowingly and voluntarily accepted voluntary departure where record did not contain a Form I-826 and petitioner's testimony suggested that he accepted return due to immigration officers' misrepresentations that he could apply for residence after he signed an unidentified form). The agency therefore properly concluded that, due to this voluntary departure during the relevant ten-year period, Dimas-Perez did not meet the continuous physical presence requirement for cancellation

of removal.  *See* 8 U.S.C. § 1229b(b)(1)(A); *Vasquez-Lopez v. Ashcroft*, 343 F.3d 961, 974 (9th Cir. 2003).

Accordingly, we reject Dimas-Perez's contention that the record is insufficient to support the agency's finding that his 2010 voluntary return interrupted his continuous physical presence.  *See Zarate v. Holder*, 671 F.3d 1132, 1134 (9th Cir. 2012) (petitioner can obtain reversal only if the record compels a contrary conclusion).

Dimas-Perez's contention that the agency violated 8 C.F.R. § 240.25 by failing to inform him of the consequences for failing to depart is unpersuasive.

We lack jurisdiction over Dimas-Perez's unexhausted contention that he never testified before the IJ or was given an opportunity to do so.  *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (we lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**