NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE BARTOLO-VASQUEZ, | No. 15-72010 |
| Petitioner, | Agency No. A205-386-269 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017**

Before:     LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Jose Bartolo-Vasquez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for cancellation of

removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

substantial evidence the agency's continuous physical presence determination. *Gutierrez v. Mukasey,* 521 F.3d 1114, 1116 (9th Cir. 2008). We review de novo due process claims. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Bartolo-Vasquez failed to present sufficient testimonial and documentary evidence to establish the requisite continuous physical presence for cancellation of removal. *See* 8 U.S.C. §§ 1229a(c)(4)(B), 1229b(b)(1)(A).

We are not persuaded by, and the record does not support, Bartolo-Vasquez's contention that the agency erred or violated due process by failing to consider his personal circumstances in its continuous physical presence determination. *See Najmabadi v. Holder,* 597 F.3d 983, 990 (9th Cir. 2010) (the agency must consider the issues raised and express its decision "in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted" (citation and internal quotation marks omitted)); *Almaghzar v. Gonzales*, 457 F.3d 915, 922 (9th Cir. 2006) (petitioner "had ample opportunity to present his case, and the record as a whole does not suggest that the IJ did not conduct the hearing with an open mind").

We lack jurisdiction to consider Bartolo-Vasquez's unexhausted contentions relating to the IJ's alleged failure to notify him of the need to provide corroborative

evidence.  *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**