**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| DIEGO ENRIQUE MONTANO-FIMBRES, | No.   16-72012 |
| Petitioner, | Agency No. A200-704-408 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Diego Enrique Montano-Fimbres, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying cancellation of removal. Our jurisdiction

is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

factual findings. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Montano-Fimbres failed to establish the requisite ten years of continuous physical presence for cancellation of removal, where the Form I-826, dated November 3, 2010, indicates that he accepted administrative voluntary departure in lieu of removal proceedings. *See* 8 U.S.C. § 1229b(b)(1)(A); *Gutierrez v. Mukasey*, 521 F.3d 1114, 1117-18 (9th Cir. 2008) (requiring some evidence that alien was informed of and accepted the terms of the voluntary departure agreement). Montano-Fimbres' testimony does not compel a contrary conclusion, where he did not dispute that he signed the Form I-826, nor allege that immigration officials misrepresented the Form I-826 to him. *Cf. Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619-20 (9th Cir. 2006) (insufficient evidence that alien knowingly and voluntarily accepted voluntary departure where record did not contain the voluntary departure form and alien's testimony suggested that he accepted return due to misrepresentations by immigration authorities).

To the extent Montano-Fimbres contends that the agency's determination violated due process, we lack jurisdiction to consider this unexhausted contention. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative

16-72012

proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**