**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDWIN LOPEZ-MENDEZ,<br><br>        Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>        Respondent. | No.   16-70642<br><br>Agency No. A095-756-777<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 16, 2018[**]

Before:     REINHARDT, TROTT, and HURWITZ, Circuit Judges.

Edwin Lopez-Mendez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the agency's continuous physical presence determination, *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008), and review de novo questions of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's determination that Lopez-Mendez failed to establish the requisite ten years of continuous physical presence for cancellation of removal, where the record contains a signed Form I-826 and he has not shown that his acceptance of administrative voluntary departure in lieu of removal proceedings was not knowing and voluntary. *See* 8 U.S.C. § 1229b(b)(1)(A); *Gutierrez*, 521 F.3d at 1117-18 (requiring some evidence that the alien was informed of and accepted the terms of the voluntary departure agreement). Lopez-Mendez's testimony does not compel a contrary conclusion, where he was given an opportunity to read the Form I-826 before signing it and where he has not shown that the representations of immigration officials were inaccurate or misleading. *Cf. Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619-20 (9th Cir. 2006) (insufficient evidence that alien knowingly and voluntarily accepted voluntary departure where record did not contain the voluntary departure form and alien's testimony suggested that he accepted return due to misrepresentations by immigration authorities).

Lopez-Mendez's related due process claim fails for lack of prejudice. *See id.*

at 620-21.

**PETITION FOR REVIEW DENIED.**