**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAREO MARTINEZ, | No.   17-71113 |
| Petitioner, | Agency No. A095-624-438 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018**

Before:     SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Cesareo Martinez, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying cancellation of removal. We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

agency's factual findings. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the determination that Martinez failed to establish ten years of continuous physical presence for cancellation of removal, where the record includes a signed Form I-826 in Spanish indicating that he accepted administrative voluntary departure in lieu of removal proceedings in 2005. *See* 8 U.S.C. § 1229b(b)(1)(A); *Gutierrez v. Mukasey*, 521 F.3d 1114, 1117-18 (9th Cir. 2008) (requiring some evidence that alien was informed of and accepted the terms of the voluntary departure agreement). Martinez's testimony does not compel a contrary conclusion, where he did not dispute that he signed the Form I-826 after being given an opportunity to read its contents, nor allege that immigration officials misrepresented the Form I-826 to him. *Cf. Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619-20 (9th Cir. 2006) (insufficient evidence that alien knowingly and voluntarily accepted voluntary departure where record did not contain the voluntary departure form and alien's testimony suggested that he accepted return due to misrepresentations by immigration authorities).

We do not reach Martinez's contentions regarding hardship because the BIA did not rely on this ground. *See Najmabadi*, 597 F.3d at 986.

**PETITION FOR REVIEW DENIED.**

17-71113