**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOLANDA OLVERA-JUAREZ, | No. 16-72716 |
| Petitioner, | Agency No. A089-811-033 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018**

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Yolanda Olvera-Juarez, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") decision pretermitting her application for cancellation

of removal. We have jurisdiction under to 8 U.S.C. § 1252. We review for

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's continuous physical presence determination. *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's determination that Olvera-Juarez knowingly and voluntarily accepted administrative voluntary departure in lieu of removal proceedings, and therefore she failed to establish the requisite ten years of continuous physical presence for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Ibarra-Flores v. Gonzalez,* 439 F.3d 614, 619 (9th Cir. 2006) (voluntary departure under threat of deportation constitutes a break in continuous physical presence); *Gutierrez*, 521 F.3d at 1117-18 (requiring some evidence that the alien was informed of and accepted the terms of the voluntary departure agreement). Olvera-Juarez's testimony does not compel a contrary conclusion, where she admits that she signed the Form I-826, and that she understood she was waiving her right to present her case before an IJ. *Cf. Ibarra-Flores*, 439 F.3d at 619-20 (insufficient evidence that alien knowingly and voluntarily accepted voluntary departure where record did not contain the voluntary departure form and alien's testimony suggested that immigration authorities deceived him as to the form's purpose).

**PETITON FOR REVIEW DENIED.**