**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 29 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RIGOBERTO CUIN-CASIMIRO,<br><br>Petitioner,<br><br>v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>Respondent. | No.   17-70133<br><br>Agency No. A088-895-595<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 22, 2018[**]

Before:     SILVERMAN, GRABER, and GOULD, Circuit Judges.

Rigoberto Cuin-Casimiro, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision pretermitting his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

substantial evidence the agency's continuous physical presence determination. *Serrano Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Cuin-Casimiro knowingly and voluntarily accepted administrative voluntary departure in lieu of removal proceedings in 2008 and 2011, and therefore failed to establish the requisite ten years of continuous physical presence for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619 (9th Cir. 2006) (voluntary departure under threat of deportation constitutes a break in continuous physical presence); *Serrano Gutierrez*, 521 F.3d at 1117-18 (requiring some evidence that the alien was informed of and accepted the terms of the voluntary departure agreement).

Cuin-Casimiro's testimony does not compel a contrary conclusion, where he does not dispute that he signed a Form I-826 in 2008 and 2011, and he has not shown that immigration officers misrepresented the Form I-826 to him. *Cf. Ibarra-Flores*, 439 F.3d at 619-20 (insufficient evidence that alien knowingly and voluntarily accepted voluntary departure where record did not contain the voluntary departure form and alien's testimony suggested that he accepted return due to misrepresentations by immigration authorities).

17-70133

Cuin-Casimiro cites no authority to support his contention that the government should have advised him of the possibility of requesting a custody redetermination hearing. *See Serrano Gutierrez*, 521 F.3d at 1118 (acceptance of the opportunity to voluntarily depart the United States, combined with the rejection of an opportunity for a hearing, is sufficient to show knowing and voluntary consent to administrative voluntary departure in lieu of removal proceedings).

We lack jurisdiction to consider Cuin-Casimiro's unexhausted contention that he is eligible for a U nonimmigrant visa. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to consider legal claims not presented in an alien's administrative proceedings before the agency).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**