**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AURELIO MARTINEZ CLEMENTE, | No. 17-73057 |
| Petitioner, | Agency No. A200-630-844 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2019[**]

Before: SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Aurelio Martinez Clemente, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying cancellation of removal. We

have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

agency's factual findings. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2010).  We deny the petition for review.

Substantial evidence supports the determination that Martinez Clemente failed to establish ten years of continuous physical presence for cancellation of removal, where the record includes a signed Form I-826 indicating that he accepted administrative voluntary departure in lieu of removal proceedings in 2011.  *See* 8 U.S.C. § 1229b(b)(1)(A); *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006) (alien's acceptance of administrative voluntary departure interrupts the accrual of continuous physical presence); *Serrano Gutierrez v. Mukasey*, 521 F.3d 1114, 1117-18 (9th Cir. 2008) (requiring some evidence that alien was informed of and accepted the terms of the voluntary departure agreement).  Even assuming Martinez Clemente's testimony to be credible, *see Krotova v. Gonzales*, 416 F.3d 1080, 1084 (9th Cir. 2005) ("When the BIA's decision is silent on the issue of credibility, despite an IJ's explicit adverse credibility finding, we may presume that the BIA found the petitioner to be credible."), his testimony does not compel a contrary conclusion, *cf. Ibarra-Flores*, 439 F.3d 614 at 619-20 (insufficient evidence that alien knowingly and voluntarily accepted voluntary departure where record did not contain the voluntary departure form and alien's testimony suggested that he accepted return due to misrepresentations by immigration authorities).

The BIA sufficiently explained its decision.  *See Najmabadi*, 597 F.3d at

2

17-73057

990-91 (holding the BIA adequately considered evidence and sufficiently announced its decision).

**PETITION FOR REVIEW DENIED.**