**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUSTAVO PEREZ-GARCIA, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 19-71032 Agency No. A206-263-193 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Gustavo Perez-Garcia, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider

the BIA's prior order affirming an immigration judge's ("IJ") decision denying

cancellation of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We

review for abuse of discretion the denial of a motion to reconsider.  *Toor v. Lynch*,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

789 F.3d 1055, 1059 (9th Cir. 2015). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Perez-Garcia's motion to reconsider, where he failed to identify any error of fact or law in the BIA's prior determination that his acceptance of voluntary departure in 2010 was knowing and voluntary. *See* 8 U.S.C. § 1229b(b)(1)(A); *Iturribarria v. INS*, 321 F.3d 889, 895 (9th Cir. 2003) (explaining requirements for motion to reconsider); *Gutierrez v. Mukasey*, 521 F.3d 1114, 1118 (9th Cir. 2008) (departure was knowing and voluntary where petitioner testified that he knew he had an opportunity to see an IJ in lieu of taking voluntary departure). We do not address Perez-Garcia's other contentions regarding eligibility because a lack of continuous physical presence is dispositive. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

We lack jurisdiction to review the unexhausted contentions in Perez-Garcia's reply brief that the agency erred by placing the burden of establishing his departure was not knowing and voluntary on him and by using his responses to the IJ's questioning to conclude that his departure was knowing and voluntary. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court "lack[s] jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

19-71032