**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR MANUEL-TORRES, | No. 19-71935 |
| Petitioner, | Agency No. A088-717-682 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2021[**]

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Hector Manuel-Torres, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for cancellation of

removal and denying his motion to terminate. We have jurisdiction under 8 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for substantial evidence the agency's continuous physical presence determination. *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008). We review for abuse of discretion the denial of a motion to terminate and we review de novo questions of law. *Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the determination that Manuel-Torres failed to establish ten years of continuous physical presence for cancellation of removal, where the record includes two signed Form I-826s indicating that he accepted administrative voluntary departure in lieu of removal proceedings in 2008 and 2011. *See* 8 U.S.C. § 1229b(b)(1)(A); *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006) (alien's acceptance of administrative voluntary departure interrupts the accrual of continuous physical presence); *Gutierrez*, 521 F.3d at 1117-18 (requiring some evidence that alien was informed of and accepted the terms of the voluntary departure agreement). Even assuming Manuel-Torres's testimony to be credible, his testimony does not compel a contrary conclusion. *Cf. Ibarra-Flores*, 439 F.3d at 619-20 (insufficient evidence that alien knowingly and voluntarily accepted voluntary departure where record did not contain the voluntary departure form and alien's testimony suggested that he accepted return due to misrepresentations by immigration authorities).

The agency did not abuse its discretion in denying Manuel-Torres's motion

to terminate where his contention that the agency lacked jurisdiction over his proceedings under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018) is foreclosed by *Aguilar Fermin v. Barr*, 958 F.3d 887, 889, 895 n.4 (9th Cir. 2020).

As stated in the court's September 18, 2019 order, the temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**