# Matter of Juan Manuel GARCIA-RAMIREZ, Respondent

*Decided October 28, 2015*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) Where an alien has the right to a hearing before an Immigration Judge, a voluntary departure or return does not break the alien's continuous physical presence for purposes of cancellation of removal under section 240A(b)(1)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1)(A) (2012), in the absence of evidence that he or she was informed of and waived the right to such a hearing, regardless of whether the encounter occurred at or near the border. *Matter of Avilez*, 23 I&N Dec. 799 (BIA 2005), clarified.

(2) Evidence that an alien who had the right to a hearing before an Immigration Judge was fingerprinted and/or photographed before being allowed to voluntarily depart is not enough, in itself, to demonstrate a waiver of the right to a hearing or to show a process of sufficient formality to break continuous physical presence. *Matter of Castrejon-Colino*, 26 I&N Dec. 667 (BIA 2015), followed.

FOR RESPONDENT:  George E. Lee, Esquire, Alpharetta, Georgia

FOR THE DEPARTMENT OF HOMELAND SECURITY:  Gene P. Hamilton, Assistant Chief Counsel

BEFORE:  Board Panel:  COLE, PAULEY and WENDTLAND, Board Members.

PAULEY, Board Member:

In a decision dated July 15, 2013, an Immigration Judge pretermitted the respondent's application for cancellation of removal under section 240A(b)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(b)(1) (2012), finding that the respondent could not demonstrate the requisite period of continuous physical presence because it was broken by his voluntary return to Mexico in 2002.  The respondent has appealed from that decision.  The appeal will be sustained and the record will be remanded to the Immigration Judge for further proceedings.

## I.  FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of Mexico who last entered the United States without inspection on an unknown date.  He was served with a notice to appear on May 7, 2012, charging that he is an alien who is

present in the United States without having been admitted or paroled.  The respondent does not dispute that he is removable as charged.

In proceedings before the Immigration Judge, the respondent submitted an application for cancellation of removal, which states that he first entered the United States on January 22, 1999.  The Department of Homeland Security ("DHS") offered into evidence a US-VISIT report indicating that since the time of the respondent's initial entry, he was apprehended several times at or near the border and was returned to Mexico.  During each of those encounters, the respondent was photographed in a Government facility, but it is not clear whether he was fingerprinted.

Although the respondent does not dispute the contents of the US-VISIT report, he states that since his arrival in the United States, he made only two departures, one of which was on December 7, 2002.  Because the respondent was served with a notice to appear on May 7, 2012, this departure occurred within the 10-year period during which he was required to show continuous physical presence.  The Immigration Judge found that the respondent's voluntary return at that time broke his physical presence and concluded that he is therefore ineligible for cancellation of removal.

The respondent contends that his encounter at the border in 2002 should not constitute a break in his continuous physical presence because he was only briefly detained and returned to Mexico.  He asserts that he was picked up near the border but was never given any documents informing him of his legal rights or an opportunity to appear before an Immigration Judge.  According to the respondent, he did not knowingly agree to depart the United States under the threat of removal proceedings.

## II.  ISSUE

The issue before us is whether documentation showing that the respondent was returned to Mexico at the border after being photographed and possibly fingerprinted, but not indicating that he was advised of his right to appear before an Immigration Judge, is a "formal, documented process" sufficient to break his continuous physical presence for purposes of establishing eligibility for cancellation of removal under *Matter of Avilez*, 23 I&N Dec. 799, 805 (BIA 2005).

## III.  ANALYSIS

Addressing the question whether an alien's voluntary departure or return results in a break of continuous physical presence in *Matter of Avilez*, 23 I&N Dec. at 805, we held that

an immigration official's refusal to admit an alien at a land border port of entry will not constitute a break in the alien's continuous physical presence, unless there is evidence that the alien was formally excluded or made subject to an order of expedited removal, was offered and accepted the opportunity to withdraw his or her application for admission, or was subjected to any other formal, documented process pursuant to which the alien was determined to be inadmissible to the United States.

It is undisputed that the respondent was not made subject to an order of expedited removal. Nor was the opportunity to withdraw an application for admission offered and accepted. The relevant question before us, then, is whether the respondent was subjected to "any other formal, documented process" pursuant to which he was found inadmissible. *Id.* In *Avilez*, we noted that evidence of such a process might include

testimony or documentary evidence of a legally enforced refusal of admission and return such as a Record of Deportable/Inadmissible Alien (Form I-213), a Notice of Action-Voluntary Departure (Form I-210), an IDENT printout, affidavits or statements of the alien or immigration officials, *photographs, fingerprints,* or other appropriate forms and official records of the DHS.

*Id.* at 806 (emphasis added).

Although the taking of photographs and fingerprints in conjunction with a voluntary return may be part of a "formal, documented process," we determined in our companion case today that it is insufficient to meet the requirements of *Matter of Avilez* without any evidence that it was associated with a legally enforced refusal of admission and return. *Matter of Castrejon-Colino*, 26 I&N Dec. 667 (BIA 2015). Thus, when an alien has the right to appear before an Immigration Judge, evidence that photographs and fingerprints were taken in conjunction with a voluntary departure or return is insufficient to break the alien's continuous physical presence in the absence of evidence that he or she was informed of and waived the right to a hearing.[1]

---

[1] Some departures will break physical presence even if the alien has not been advised of and waived the right to appear before an Immigration Judge. But such situations involve more than the alien merely being photographed and fingerprinted. For example, in *Matter of Velasquez-Cruz*, 26 I&N Dec. 458 (BIA 2014), we concluded that a break in continuous physical presence occurred where an alien had departed the United States following a criminal conviction for illegal entry. In support of our ruling, we cited *Ascencio-Rodriguez v. Holder*, 595 F.3d 105, 113−14 (2d Cir. 2010), where the court observed that a conviction after a guilty plea to the crime of illegal entry constitutes an admission of facts that give rise to inadmissibility and that a departure after such a conviction is more akin to a formal removal than to the informal interactions at the border

(continued . . .)

   As an applicant for cancellation of removal, the respondent bears the burden of proving all the requisite facts pertinent to his eligibility. Section 240(c)(4) of the Act, 8 U.S.C. § 1229a(c)(4) (2012); 8 C.F.R. § 1240.8(d) (2015). However, no testimony on his application was taken. The record is therefore unclear whether the respondent's 2002 encounter occurred at a port of entry and whether he was fingerprinted.[2] It also does not indicate whether he was advised of the right to appear before an Immigration Judge during the voluntary return process at or near the border.[3] Therefore, on de novo review, we disagree with the Immigration Judge's conclusion that the evidence established that the respondent's 2002 voluntary return constituted a break in his continuous physical presence that prevented him from accruing the 10-year period required by section 240A(b)(1)(A) of the Act. We will accordingly remand the record for further proceedings on the respondent's application for cancellation of removal.[4]

_____

that we have found insufficient to terminate continuous physical presence. *See also Zarate v. Holder*, 671 F.3d 1132, 1137−38 (9th Cir. 2012).

   Moreover, removal pursuant to an expedited removal order has been found to break physical presence for purposes of cancellation of removal because, among other reasons, both expedited and formal removals carry a statutory bar to readmission for a specified period, which reflects congressional intent "to sever an alien's ties to this country." *Juarez-Ramos v. Gonzales*, 485 F.3d 509, 512 (9th Cir. 2007); *see also Nunez-Moron v. Holder*, 702 F.3d 353 (7th Cir. 2012); *Vasquez v. Holder*, 635 F.3d 563 (1st Cir. 2011).

[2]   Although the alien in *Castrejon-Colino* was not apprehended at the border, in our view, this distinction would make no difference under the circumstances of this case. Accordingly, the analysis in that case applies, regardless of whether an alien's departure was pursuant to an encounter at or near the border, and whether it was referred to as a "departure," "return," "turnaround," or "turn back."

[3]   Depending on the date and location of the relevant encounter with immigration officials, an alien may or may not have a right to a hearing before an Immigration Judge in formal exclusion, deportation, or removal proceedings. *Castrejon-Colino* observes that although aliens who are subject to being placed in expedited removal proceedings do not generally have a right to a hearing before an Immigration Judge, the respondent in that case was not subject to expedited removal at the time of his departure because it occurred before the 2004 expansion of the coverage of expedited removal beyond aliens arriving at ports of entry. *See Matter of Castrejon-Colino*, 26 I&N Dec. at 669 n.2. The same appears to be true here because the respondent's encounter occurred in 2002. It has not been argued that his encounter involved any other context in which an alien's procedural rights are limited, such as being subject to reinstatement of a prior removal order under section 241(a)(5) of the Act, 8 U.S.C. § 1231(a)(5) (2012).

[4]   Although the respondent ultimately bears the burden of proving his continuous physical presence, as we noted in *Matter of Castrejon-Colino*, 26 I&N Dec. at 672 n.5, the DHS is in a better position to fill gaps in the evidence and resolve any disputes by presenting documentation in its own records to show the formality of the process.

On remand, the Immigration Judge should take testimony regarding the circumstances surrounding the respondent's 2002 departure. *See Matter of Castrejon-Colino*, 26 I&N Dec. at 672. If the Immigration Judge finds that no break in presence occurred to interrupt the respondent's continuous physical presence, she should consider whether the respondent is otherwise eligible for and deserving of cancellation of removal. The parties should be given an opportunity to present additional evidence and argument in that regard.

Finally, we note the DHS's argument that Congress clearly did not envision that any type of departure could be excepted from the continuous physical presence requirement of section 240A(b)(1)(A) of the Act, notwithstanding the provisions of section 240A(d)(2), which specifies that an alien's continuous physical presence terminates "if the alien has departed from the United States for any period in excess of 90 days or for any periods in the aggregate exceeding 180 days." We are unpersuaded by this argument, which is not supported by the Act, the regulations, or any published circuit court case law of which we are aware. *See, e.g.*, *Garcia v. Holder*, 732 F.3d 308, 312 (4th Cir. 2013) (finding that Congress did not intend to eliminate the Board's discretionary authority to define which departures terminate an alien's presence and citing *Matter of Avilez*).

In view of our disposition of this case, we need not address the parties' remaining appellate arguments at this time. Accordingly, the respondent's appeal will be sustained and the record will be remanded.

## IV. CONCLUSION

We clarify *Matter of Avilez* and hold that where an alien had the right to appear before an Immigration Judge, evidence that photographs and fingerprints were taken in conjunction with a voluntary departure or return is insufficient to break the alien's continuous physical presence in the absence of evidence that he or she was informed of and waived the right to a hearing, regardless of whether the encounter occurred at or near the border.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.