NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMANDO AGUILAR-VIGIL, Armando Aguilar, | No. 17-70077 |
| Petitioner, | Agency No. A072-999-184 |
| v. | MEMORANDUM* |
| MATTHEW G. WHITAKER, Acting Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2019**

Before: TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Armando Aguilar-Vigil, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from

an immigration judge's ("IJ") denial of cancellation of removal. We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006). We review de novo questions of law. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the agency's determination that Aguilar-Vigil's acceptance of administrative voluntary departure in 2007 was knowing and voluntary, and he was therefore unable to show ten years of continuous physical presence for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Serrano Gutierrez v. Mukasey*, 521 F.3d 1114, 1117-18 (9th Cir. 2008) (sufficient evidence of knowing and voluntary consent to voluntary departure, where alien testified he was given a choice to see an IJ, but chose to depart because it would be "faster," and alleged no misrepresentations by immigration officials); *cf. Ibarra-Flores*, 439 F.3d at 619 (petitioner's testimony indicated officers gave him incorrect and contradictory information regarding the consequences of accepting voluntary departure).

We are not persuaded by Aguilar-Vigil's contentions that the agency did not analyze the facts in accordance with relevant BIA precedent and made its decision on an insufficient record, where the record contained Aguilar-Vigil's testimony and a Form I-826, Notice of Rights and Request for Disposition. *See Matter of Castrejon-Colino*, 26 I. & N. Dec. 667, 672 n.5 (BIA 2015) (Form I-826 is an

17-70077

example of evidence of the formality of the voluntary return process); *Matter of Garcia-Ramirez*, 26 I. & N. Dec. 674, 677 (BIA 2015) (record unclear where it contained no testimony, and documentary evidence did not provide information regarding whether the alien was fingerprinted or put through other formalities).

We are not persuaded by Aguilar-Vigil's contention that the BIA did not sufficiently address his contentions regarding the immigration officer's statements. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) ("What is required is merely that [the BIA] consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." (citation omitted)).

**PETITION FOR REVIEW DENIED.**

17-70077