**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OLIVERIO ORTEGA-SORIANO, | No. 13-73460 |
| Petitioner, | |
| v. | Agency No. A078-101-921 |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 21, 2015[**]

Before:     REINHARDT, LEAVY, and BERZON, Circuit Judges.

Oliverio Ortega-Soriano, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's continuous physical presence determination, *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008), and review de novo questions of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's determination that Ortega-Soriano knowingly and voluntarily accepted administrative voluntary departure in lieu of removal proceedings where the administrative voluntary departure agreement, Form I-826, reflected that it was read to him in Spanish before he signed it. *See Gutierrez*, 521 F.3d at 1117-18 (requiring some evidence that the alien was informed of and accepted the terms of the voluntary departure agreement); *cf. Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619-20 (9th Cir. 2006) (insufficient evidence that alien knowingly and voluntarily accepted voluntary departure where record did not contain Form I-826 and petitioner's testimony suggested that he accepted return due to misrepresentations by immigration officers). The agency therefore properly concluded that, due to this voluntary departure during the relevant ten year period, Ortega-Soriano did not meet the continuous physical presence requirement for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Vasquez-Lopez v. Ashcroft*, 343 F.3d 961, 974 (9th Cir. 2003) (per curiam).

13-73460

Ortega-Soriano's claim that his right to due process was violated by the events leading to his 2002 departure is not supported by the record. *Padilla-Martinez v. Holder,* 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

**PETITION FOR REVIEW DENIED.**