NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE JESUS ENRIQUEZ-HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 11-72718<br><br>Agency No. A087-743-589<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 19, 2015[**]
Pasadena, California

Before: IKUTA and OWENS, Circuit Judges, and SESSIONS,[***] District Judge.

Jose Jesus Enriquez-Hernandez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order affirming an

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

immigration judge's ("IJ") decision denying his application for cancellation of removal. We review for substantial evidence the agency's continuous presence determination. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The BIA denied Enriquez-Hernandez's application for cancellation of removal because he could not establish 10 years of continuous presence in the United States. *See* 8 U.S.C. § 1229b(b)(1)(A). Enriquez-Hernandez's only contention on appeal is that the BIA erred in concluding that his acceptance of voluntary departure in November 2009 constituted a break in presence. As before the IJ and the BIA, Enriquez-Hernandez contends that his decision was not knowing and voluntary because the U.S. Immigration and Customs Enforcement ("ICE") official who detained him claimed that he had to accept voluntary departure if he ever wanted to obtain legal status. *See Ibarra-Flores*, 439 F.3d at 619; *see also Tapia v. Gonzales*, 430 F.3d 997, 1002 & n.5 (9th Cir. 2005).

Substantial evidence supports the BIA's conclusion. Unlike *Ibarra-Flores*, there is (1) a signed Form I-826 in the record and (2) testimony that immigration officials did not deceive Enriquez-Hernandez, namely the testimony of the ICE official. Enriquez-Hernandez's contentions about motive may suggest an alternative interpretation of the record. But absent more specific evidence, these

2

background facts fall well short of compelling the conclusion that Enriquez-Hernandez's testimony should be credited while the ICE official's testimony should not be credited. *See Garcia v. Holder*, 749 F.3d 785, 790-91 (9th Cir. 2014); *Malkandi v. Holder*, 576 F.3d 906, 918-19 (9th Cir. 2008). Enriquez-Hernandez's characterization of the ICE official's testimony is also incorrect; the transcript reflects that the ICE official did, in fact, confirm that he followed his standard business practice in Enriquez-Hernandez's case. We thus conclude that substantial evidence supports the BIA's order denying Enriquez-Hernandez's application for cancellation of removal. *See Gutierrez v. Mukasey*, 521 F.3d 1114, 1117-18 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**