**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSE JAUREGUI-GARCIA, | No. 12-73091 |
| Petitioner, | Agency No. A078-465-850 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[**] |
| Respondent.[*] | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2015[***]
San Francisco, California

Before: McKEOWN, RAWLINSON, and PARKER,[****] Circuit Judges.

---

[*] The Clerk of Court is directed to amend the case caption as set forth above.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[****] The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Jose Jauregui-Garcia, a native and citizen of Mexico and a nonpermanent U.S. resident, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from a decision of an immigration judge ("IJ") to deny his application for cancellation of removal under 8 U.S.C. § 1229b(b). The IJ determined that Jauregui-Garcia's absence from the U.S. for a period exceeding ninety days prevents him from meeting the requirement for cancellation of removal to be continuously present in the U.S. for ten years prior to his being served a notice to appear. *See id.* § 1229b(b)(1)(A), (d)(1)–(2). The BIA upheld this determination. We have jurisdiction to review under 8 U.S.C. § 1252. We deny the petition for review.

A finding that an applicant was not continuously physically present in the U.S. for ten years is reviewed for substantial evidence. *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008). Under the substantial evidence standard, a petitioner must show that the evidence compels the opposite finding in order to prevail. *See Zarate v. Holder*, 671 F.3d 1132, 1134 (9th Cir. 2012). Substantial evidence supports the IJ's determination. Jauregui-Garcia testified that he left for Mexico at least two months before his wedding and stayed in Mexico for another three months after his wedding to work for a construction company. The IJ

reasonably found that he had left the U.S. for more than ninety days and thereby broke his continuous physical presence.

Jauregui-Garcia's arguments to the contrary are unavailing. First, he contends that the IJ's questions as to his travels placed in doubt his prior stated belief that he had not departed the country for more than ninety days. However, inquiring for more specific information cannot be construed as improperly doubting a witness' recollection, and Jauregui-Garcia provides no citations to the record to support his claim that the IJ's questions were unfair. Rather, the IJ instructed him not to guess about the dates of his entries into, and exits from, the U.S., and the IJ explicitly gave him the option to indicate that he did not recall particular dates.

Next, Jauregui-Garcia relies upon a letter from his employer in the U.S. stating that he took only one or two weeks for vacation each year between 1991 and 2001. Since Jauregui-Garcia testified that he had left the U.S. for much longer than one or two weeks, substantial evidence supports the IJ's decision to credit his testimony and the IJ's determination that the employer's belief was mistaken.

Finally, Jauregui-Garcia cites medical documents concerning treatments of his daughter at a U.S. hospital and asserts that he was present in the U.S. during those treatments. Because his daughter was born approximately a year after his

3

wedding, his presence in the U.S. during these treatments is irrelevant to his absence from the country during the period around his wedding date.

**PETITION FOR REVIEW DENIED.**