**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELEAZAR REYES-ROJAS, | No. 14-70123 |
| Petitioner, | Agency No. A087-747-633 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016**

Before:     LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Eleazar Reyes-Rojas, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for cancellation of

removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence the agency's continuous physical presence determination, *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008), and review de novo questions of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's determination that Reyes-Rojas knowingly and voluntarily accepted administrative voluntary departure in 2008 in lieu of removal proceedings where he admitted to reviewing and signing the administrative voluntary departure agreement, Form I-826, and where Reyes-Rojas did not allege overt misrepresentation or intimidation by immigration officers. *See Gutierrez*, 521 F.3d at 1117-18 (requiring some evidence that the alien was informed of and accepted the terms of the voluntary departure agreement); *cf. Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619-20 (9th Cir. 2006) (no substantial evidence that alien knowingly and voluntarily accepted voluntary departure where record did not contain Form I-826 and petitioner's testimony suggested that he accepted return due to misrepresentations by immigration officers). The agency therefore properly concluded that, due to this voluntary departure during the relevant ten-year period, Reyes-Rojas did not meet the continuous physical presence requirement for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Vasquez-Lopez v. Ashcroft*, 343 F.3d 961, 974 (9th Cir. 2003) (per curiam).

Reyes-Rojas's request for remand to the IJ based on the settlement agreement in *Lopez-Venegas v. Johnson,* No. 2:13-cv-03972 (C.D. Cal., filed March 11, 2015) is denied.

**PETITION FOR REVIEW DENIED.**