**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ALONSO NEVAREZ, | No. 14-72064 |
| Petitioner, | Agency No. A087-455-218 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Alonso Nevarez, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the agency's factual determination regarding continuous physical presence, *Ibarra-Flores v. Gonzales,* 439 F.3d 614, 618 (9th Cir. 2006), and we review de novo constitutional claims, *Singh v. Ashcroft,* 367 F.3d 1182, 1185 (9th Cir. 2004). We deny the petition for review.

Substantial evidence supports the BIA's determination that Nevarez's voluntary return to Mexico disrupted continuous physical presence, rendering him ineligible for cancellation of removal, where Nevarez signed a form indicating he requested voluntary return and testified he was told of his options, and where an immigration officer testified that he followed proper procedure in informing Nevarez of his rights. *See Ibarra-Flores,* 439 F.3d at 619 (administrative voluntary departure under threat of deportation constitutes a break in continuous physical presence if the alien is informed of and accepts the terms of the departure); *Gutierrez v. Mukasey,* 521 F.3d 1114, 1117-18 (9th Cir. 2008) (an alien's testimony that he was given a choice between removal proceedings and administrative voluntary departure constitutes substantial evidence that the departure was knowing and voluntary).

Nevarez's assertion that the BIA violated due process by failing to consider his testimony and by making sua sponte factual findings is not supported by the record.

**PETITION FOR REVIEW DENIED.**

14-72064