**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMANDO LOPEZ-PAZ, AKA Joel Lopez-Rodriguez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-73971 <br><br> Agency No. A200-088-961 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 26, 2016[**]

Before:     McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Armando Lopez-Paz, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's denial of his application for cancellation of removal, and

denying his motion to remand.  We have jurisdiction under 8 U.S.C. § 1252.  We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review for substantial evidence the agency's continuous physical presence determination, *Serrano Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008), and review for abuse of discretion the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097-98 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's determination that Lopez-Paz did not demonstrate the ten years of continuous physical presence required for cancellation of removal, where Lopez-Paz testified that he departed the United States for a period of more than 90 days during the statutory period. *See* 8 U.S.C. § 1229b(b)(1)(A), (d)(2) (a departure in excess of 90 days breaks continuous physical presence).

The BIA did not abuse its discretion in denying Lopez-Paz' motion to remand, where Lopez-Paz failed to establish that the evidence he submitted was unavailable at the time of his removal hearing. *See Angov v. Lynch*, 788 F.3d 893, 897 (9th Cir. 2015) ("Since a motion to remand is so similar to a motion to reopen, the motion to remand should be drafted in conformity with the regulations pertinent to motions to reopen[.]" (citation and quotation marks omitted)); 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not

available and could not have been discovered or presented at the former hearing[.]").

We deny Lopez-Paz' motion to supplement the record on appeal. *See* 8 U.S.C. § 1252(b)(4)(A) ("the court of appeals shall decide the petition only on the administrative record on which the order of removal is based").

We also deny Lopez-Paz' request to remand to the BIA based on potential eligibility for new relief. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (new evidence may be added to the record through a motion to reopen with the agency).

**PETITION FOR REVIEW DENIED**.