NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO ACEVEDO-PEREZ, AKA Antonio Aguilar-Garcia, AKA Riche Garcia-Mendez, AKA Alberto Perez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 14-70744 <br><br> Agency No. A088-747-035 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2017[**]

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Alejandro Acevedo-Perez, a native and citizen of Mexico, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination. *Gutierrez v. Mukasey,* 521 F.3d 1114, 1116 (9th Cir. 2008). We review de novo questions of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005), and review for abuse of discretion the denial of a motion to remand, *Movsisian v. Ashcroft*, 395 F.3d 1095, 1097-98 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's determination that Acevedo-Perez failed to establish the requisite continuous physical presence for cancellation of removal, where he presented inconsistent testimony with no corroboration regarding his presence in the United States between 1999 and 2002. *See* 8 U.S.C. §§ 1229a(c)(4)(B)-(C), 1229b(b)(1)(A).

The BIA did not err in its decision not to consider Acevedo-Perez's additional evidence filed for the first time in conjunction with the appeal. *Zumel v. Lynch*, 803 F.3d 463, 475 (9th Cir. 2015) ("Under the regulations, the BIA may not make its own findings or rely on its own interpretation of the facts." (internal quotation marks omitted)).

To the extent Acevedo-Perez is challenging the BIA's denial of his motion

14-70744

to remand, the BIA did not abuse its discretion in denying the motion, where petitioner did not show that the evidence he submitted was previously unavailable. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."); *see also Romero-Ruiz v. Mukasey*, 538 F.3d 1057, 1063 (9th Cir. 2008) ("The formal requirements for a motion to reopen and a motion to remand are the same.").

**PETITION FOR REVIEW DENIED.**