**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICIO MARTINEZ-SEGURA, | No. 15-72963 |
| Petitioner, | Agency No. A029-265-075 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2017[**]

Before: GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Patricio Martinez-Segura, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for cancellation of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

evidence the agency's continuous physical presence determination. *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that Martinez-Segura failed to establish the requisite ten years of continuous physical presence in the United States for cancellation of removal, where record evidence indicates that Martinez-Segura requested voluntary departure in lieu of removal proceedings. *See* 8 U.S.C. § 1229b(b)(1)(A); *Gutierrez*, 521 F.3d at 1117-18 (requiring some evidence that the alien was informed of and accepted the terms of the voluntary departure agreement); *cf. Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619-20 (9th Cir. 2006) (insufficient evidence that alien knowingly and voluntarily accepted voluntary departure where record did not contain the voluntary departure form and petitioner's testimony suggested that he accepted return due to misrepresentations by immigration officers).

We lack jurisdiction to consider Martinez-Segura's unexhausted contention regarding the lack of initials on his Form I-826. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

Martinez-Segura's remaining contentions regarding the applicability of *Vasquez-Lopez v. Ashcroft*, 343 F.3d 961 (9th Cir. 2003) and *Castrejon-Garcia v. INS*, 60 F.3d 1359 (9th Cir. 1995), and the separation of powers, are unpersuasive.

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**