NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 31 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| OMAR FERNANDEZ GARCIA, AKA Omar Fernandez, AKA Omar Sanchez, AKA Omar Sanchez Flores, | No.    13-73104 |
| Petitioner, | Agency No. A095-803-814 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 23, 2017**

Before:     LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Omar Fernandez Garcia, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying cancellation of removal. We have

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and review de novo constitutional claims. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's determination that Fernandez Garcia failed to establish the requisite ten years of continuous physical presence for cancellation of removal, where the Form I-826, dated July 9, 2009, indicates that Fernandez Garcia accepted administrative voluntary departure in lieu of removal proceedings. *See* 8 U.S.C. § 1229b(b)(1)(A); *Gutierrez v. Mukasey*, 521 F.3d 1114, 1117-18 (9th Cir. 2008) (requiring some evidence that alien was informed of and accepted the terms of the voluntary departure agreement); *cf. Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619-20 (9th Cir. 2006) (insufficient evidence that alien knowingly and voluntarily accepted voluntary departure where record did not contain the voluntary departure form and alien's testimony suggested that he accepted return due to misrepresentations by immigration authorities). We reject Fernandez Garcia's contention that because immigration authorities did not advise him about potential eligibility for relief, his acceptance of administrative voluntary departure was not knowing and voluntary. *Cf.* 8 C.F.R. § 1240.11(a)(2) (requiring an immigration judge to inform an alien in removal proceedings of apparent eligibility for relief).

Fernandez Garcia's contentions that the BIA failed to consider his

13-73104

arguments on appeal or insufficiently explained its decision are not supported by the record, and to the extent Fernandez Garcia claims he was denied a full and fair hearing, this contention is also not supported by the record. *See Najmabadi*, 597 F.3d at 990-91 (holding the BIA adequately considered evidence and sufficiently announced its decision); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process challenge).

Fernandez Garcia's request for remand based on the settlement agreement in *Lopez-Venegas v. Johnson,* No. 2:13-cv-03972 (C.D. Cal., filed August 18, 2014), and related motion for judicial notice (Docket Entry No. 21), are denied.

**PETITION FOR REVIEW DENIED.**