NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 14 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RIGOBERTO BELTRAN-RODRIGUEZ, AKA Jaime Arizmendi-Ortiz, AKA Rigoberto Castaneda-Popoca, AKA Benito Vasquez-Guadarrama, <br><br>             Petitioner, <br><br>   v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br>             Respondent. | No.   16-73868 <br><br> Agency No. A088-644-904 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2018[**]

Before:     RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

Rigoberto Beltran-Rodriguez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision pretermitting his application for cancellation

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the agency's continuous physical presence determination. *Gutierrez v. Mukasey*, 521 F.3d 1114, 1116 (9th Cir. 2008). We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Contrary to Beltran-Rodriguez's contention, this court's precedent establishes substantial evidence as the correct standard of review for the agency's determination that his agreement to depart was knowing and voluntary. *See Ibarra-Flores* v. *Gonzales*, 439 F.3d 614, 619 (9th Cir. 2006); *Gutierrez*, 521 F.3d at 1117.

We reject Beltran-Rodriguez's contention that the BIA was required to provide a more detailed explanation of its standard of review. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

Substantial evidence supports the agency's determination that Beltran-Rodriguez knowingly and voluntarily accepted administrative voluntary departure in lieu of removal proceedings, and that therefore he failed to establish the requisite ten years of continuous physical presence for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Ibarra-Flores*, 439 F.3d at 619 (voluntary departure under threat of deportation constitutes a break in continuous physical presence); *Gutierrez*, 521 F.3d at 1117-18 (requiring some evidence that the alien was

informed of and accepted the terms of the voluntary departure agreement). Beltran-Rodriguez's testimony does not compel a contrary conclusion, where he does not dispute that he signed the Form I-826, and he has not shown that the immigration officer deceived or otherwise forced or coerced him into his choice. *Cf. Ibarra-Flores*, 439 F.3d at 619-20 (insufficient evidence that alien knowingly and voluntarily accepted voluntary departure where record did not contain the voluntary departure form and alien's testimony suggested that he accepted return due to deception by immigration authorities).

Beltran-Rodriguez's claims of constitutional and regulatory violations from the agency's use of the Form I-826 fail, because he has not shown prejudice. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) (prejudice required for due-process claim); *Sanchez v. Sessions*, 870 F.3d 901, 912 (9th Cir. 2017) (prejudice required for claim of immigration regulation violation).

To the extent Beltran-Rodriguez contends that he had a Sixth Amendment right to counsel during the administrative voluntary departure process in 2008, he has not provided any authority for this assertion.

**PETITON FOR REVIEW DENIED.**