NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAMON MAGANA-ALMONTE, AKA
Ramon Magana,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney
General,

Respondent.

No.    16-73493

Agency No. A205-117-468

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018**

Before:    CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Ramon Magana-Almonte, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's ("IJ") decision denying cancellation of removal. We have

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

agency's factual findings, and review de novo constitutional claims. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's determination that Magana-Almonte failed to establish the requisite ten years of continuous physical presence for cancellation of removal, where the record includes a signed Form I-826 in Spanish indicating that he accepted administrative voluntary departure in lieu of removal proceedings in 2012, and he testified that an immigration officer allowed him to choose between signing the Form I-826 or fighting his case while detained. *See* 8 U.S.C. § 1229b(b)(1)(A); *Serrano Gutierrez v. Mukasey*, 521 F.3d 1114, 1117-18 (9th Cir. 2008) (requiring some evidence that alien was informed of and accepted the terms of the voluntary departure agreement); *cf. Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619-20 (9th Cir. 2006) (insufficient evidence that alien knowingly and voluntarily accepted voluntary departure where record did not contain the voluntary departure form and alien's testimony suggested that he accepted return due to misrepresentations by immigration authorities).

The record does not support Magana-Almonte's contention that the IJ violated due process. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (due process claims require showing that proceedings were so fundamentally unfair that the alien was prevented from reasonably presenting his case); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due

2                                                                                    16-73493

process challenge).

**PETITION FOR REVIEW DENIED**.