**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 26 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEJANDRO BRITO-OSORIO, | No. 18-72314 |
| Petitioner, | Agency No. A205-054-231 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2019[**]

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Alejandro Brito-Osorio, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying cancellation of removal.  We have

jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the

agency's factual findings, and review de novo questions of law.  *Najmabadi v.*

---

          [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

          [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the determination that Brito-Osorio failed to establish ten years of continuous physical presence for cancellation of removal, where the record includes a signed Form I-826 indicating that he accepted administrative voluntary departure in lieu of removal proceedings in 2011. *See* 8 U.S.C. § 1229b(b)(1)(A); *Vasquez-Lopez v. Ashcroft*, 343 F.3d 961, 974 (9th Cir. 2003) (alien's acceptance of administrative voluntary departure interrupts the accrual of continuous physical presence); *Serrano Gutierrez v. Mukasey*, 521 F.3d 1114, 1117-18 (9th Cir. 2008) (requiring some evidence that alien was informed of and accepted the terms of the voluntary departure agreement). Neither Brito-Osorio's testimony nor his counsel's speculation about the immigration officer's oral translation of the Form I-826 compel a contrary conclusion. *See Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007) ("In the absence of clear evidence to the contrary, courts presume that public officers properly discharge their duties[.]"); *cf. Ibarra-Flores v. Gonzales*, 439 F.3d 614, 619-20 (9th Cir. 2006) (insufficient evidence that alien knowingly and voluntarily accepted voluntary departure where record did not contain the voluntary departure form and alien's testimony suggested that he accepted return due to misrepresentations by immigration authorities).

Brito-Osorio's due process claim therefore fails. *See Lata v. INS*, 204 F.3d

18-72314

1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DENIED.**