**NOT FOR PUBLICATION**

**FILED**

AUG 29 2022

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN ELENIN CASTILLO-CASTILLO, | No. 19-73307 |
| Petitioner, | Agency No. A089-863-877 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 1, 2022[**]

Before: FRIEDLAND, SANCHEZ, and H. THOMAS, Circuit Judges.

Juan Elenin Castillo-Castillo, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for

cancellation of removal, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Castillo-Castillo's contention that the immigration court lacked jurisdiction over his proceedings is foreclosed by *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (lack of hearing information in notice to appear does not deprive immigration court of subject matter jurisdiction, and 8 C.F.R. § 1003.14(a) is satisfied when later notice provides hearing information).

The BIA affirmed the IJ's pretermission of Castillo-Castillo's application for cancellation of removal because it determined that he had not accrued the required continuous ten years of physical presence by the time of his hearing, regardless of the contents of the notice to appear. 8 U.S.C. § 1229b(b)(1)(A). Substantial evidence supports that determination because the record contains a voluntary departure form that Castillo-Castillo signed and initialed in September 2008, less than ten years before his March 2018 hearing. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006) ("[A]dministrative voluntary departure interrupts . . .

physical presence in the United States . . . ."); *see also Gutierrez v. Mukasey*, 521 F.3d 1114, 1117 (9th Cir. 2008) (requiring substantial evidence that an applicant was informed of and accepted the terms of a voluntary departure agreement). The record does not compel a contrary conclusion. *Cf. Ibarra-Flores*, 439 F.3d at 619-20 (concluding that the evidence was insufficient where the record did *not* contain a voluntary departure form).

Substantial evidence supports the agency's conclusion that Castillo-Castillo failed to establish that he would be persecuted on account of a protected ground. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Thus, his withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT protection because Castillo-Castillo failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

19-73307